IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF GEORGIA, STATE OF INDIANA, STATE OF MONTANA, STATE OF NEVADA, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF WASHINGTON, STATE OF WISCONSIN, COMMONWEALTH OF MASSACHUSETTS, and COMMONWEALTH OF VIRGINIA, ex rel. TIMOTHY SIRLS,<br>    Plaintiffs,<br><br>v.<br><br>KINDRED HEALTHCARE, INC., KINDRED HEALTHCARE OPERATING, INC., KINDRED HEALTHCARE SERVICES, INC., KINDRED NURSING CENTERS EAST, LLC, KINDRED NURSING CENTER WEST, LLC, KINDRED NURSING CENTERS SOUTH, LLC, and KINDRED NURSING CENTERS NORTH, LLC, ,<br>    Defendants. | CIVIL ACTION<br><br>NO. 16-683 |

**DuBOIS, J.**                              **April 29, 2021**

**M E M O R A N D U M**

**I.  INTRODUCTION**

  This is a *qui tam* action brought on behalf of the United States under the False Claims

Act ("FCA") and on behalf of California, Colorado, Connecticut, Georgia, Indiana, Montana,

Nevada, North Carolina, Tennessee, Washington, Wisconsin, Massachusetts, and Virginia under

their analogous false claims laws[1] by relator, Timothy Sirls, against defendants Kindred Healthcare, Inc.; Kindred Healthcare Operating, Inc.; Kindred Healthcare Services, Inc.; Kindred Nursing Centers East, LLC; Kindred Nursing Centers West, LLC; Kindred Nursing Centers South, LLC; and Kindred Nursing Centers North, LLC. By Memorandum and Order dated February 4, 2021, the Court granted in part and denied in part defendants' Motion to Dismiss relator's Second Amended Complaint. The claims that the Court dismissed were dismissed with prejudice. Presently before the Court is relator's Motion for Reconsideration or, in the Alternative, Motion for Leave to File Third Amended Complaint. For the reasons that follow, the Motion is denied.

## II. BACKGROUND[2]

Relator filed the first Complaint in this case on February 11, 2016. In it, he asserted several theories of Medicare and Medicaid fraud that defendants allegedly engaged in, three of which are relevant to this Motion: (1) submission of factually false Resource Utilization Group scores ("RUG score claims"); (2) express false certification of accuracy in MDS forms ("accuracy claims"); and (3) express/implied false certifications of compliance with federal laws and regulations governing staffing ("staffing claims").

---

[1] These claims are brought pursuant to the California False Claims Act, Cal. Gov't Code § 12651(a)(1) (Count 3); Colorado Medicaid False Claims Act, Colo. Rev. Stat. § 25.5-4-303.5 (l)(a)-(b) (Counts 4 & 5); Connecticut False Claims Act, Conn. Gen. Stat. § 17B-301b(a)(1)-(2) (Counts 6 & 7); Georgia False Medicaid Claims Act, Ga. Code Ann. § 49-4-168.l(a)(1)-(2) (Counts 8 & 9); Georgia Taxpayer Protection False Claims Act, Ga. Code Ann. § 23-3-12l(a)(1)-(2) (Counts 10 & 11); Indiana False Claims and Whistleblower Protection Act, Indiana Code § 5-11-5.5-2(b)(1)-(2) (Counts 12 & 13); Massachusetts False Claims Act, Mass. Ann. Laws Ch. 12, § 5(B)(a)(1)-(2) (Counts 14 & 15); Montana False Claims Act, Mont. Code Ann. § 17-8-403(1)(a)-(b) (Counts 16 & 17); Nevada False Claims Act, Nev. Rev. Stat. § 357.040(1)(a)-(b) (Counts 18 & 19); North Carolina False Claims Act, N.C. Gen. Stat. § 1-605(a)(l)-(2) (Counts 20 & 21); Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-182(a)(l)(A)-(B) and Tennessee False Claims Act, Tenn. Code Ann. § 4-18-103(a)(1)-(2) (Counts 22 & 23); Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.3(A)(1)-(2) (Counts 24 & 25); Washington Medicaid Fraud False Claims Act, Rev. Code Wash. § 74.66.020(1)(a)-(b) (Counts 26 & 27); and Wisconsin False Claims Act, Wis. Stat. § 20.931(2)(a)-(b) (Counts 28 & 29).

[2] The background of this case is set forth at length in the Court's Memorandum dated June 29, 2020 (Document No. 60) and Memorandum dated February 4, 2021 (Document No. 85). The facts are recited here only as necessary to address the pending Motion.

On April 3, 2019, after the United States Government conducted an investigation and decided not to intervene in the case, the Complaint was unsealed. Relator subsequently filed the First Amended Complaint ("FAC") on June 28, 2019. On August 22, 2019, defendants filed a Motion to Dismiss the FAC.

By Memorandum and Order dated June 29, 2020 ("First Memorandum"), the Court granted in part and denied in part the Motion. To the extent the Motion sought dismissal of relator's staffing claims, the Court granted the Motion on the ground that relator had not adequately pled the materiality element. First Mem., 22. To the extent the Motion sought dismissal of relator's RUG score and accuracy claims, the Court denied the Motion, ruling, *inter alia*, that the public disclosure bar did not preclude these two groups of claims. First Mem., 35. In Footnote 19, the Court stated, "The Court need not consider whether the cited public disclosures bar plaintiff's [staffing claims], because the Court has concluded that relator has not sufficiently alleged such claims, and those claims have been dismissed." First Mem., 35 n. 19. However, the Court warned relator that "the sources cited by defendant broadly disclose staffing issues and defendants' failure to staff based on resident acuity." First Mem., 35. The Court granted relator leave to file a second amended complaint.

Relator filed the Second Amended Complaint ("SAC") on July 14, 2020, and defendants filed a Motion to Dismiss the SAC on August 25, 2020. By Memorandum and Order dated February 4, 2021 ("Second Memorandum"), the Court granted the Motion in part and denied it in part. The Court granted the Motion to Dismiss with respect to the staffing claims on the ground that publicly available sources revealed information that was substantially similar to relator's allegations and relator was not an original source of that information. Second Mem., 20. The

Court's dismissal of the staffing claims was "with prejudice on the ground that, because relator has filed two amended complaints . . . further amendment would be futile." Second Mem., 32.

Relator filed the pending Motion for Reconsideration or, in the Alternative, Motion for Leave to File Third Amended Complaint on February 19, 2021. In the Motion, relator asks the Court to reconsider its dismissal of relator's staffing claims with prejudice. Defendants responded on March 12, 2021, the Government filed a Statement of Interest on April 9, 2021, and relator filed a Reply on April 16, 2021. The Motion is thus ripe for decision.

### III. LEGAL STANDARD

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A prior decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* "[M]otions for reconsideration may not be used to give a litigant a 'second bite at the apple.'" *PBI Performance Products, Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732 (E.D. Pa. 2007) (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1120, 1231 (3d Cir. 1995). A party who fails in its first attempt to convince the court of its position may not use a motion for reconsideration to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (quoted in *Bhatnagar*, 52 F.3d at 1231).

Under Federal Rule of Civil Procedure 15(a)(2), after a party has amended its pleading once as a matter of course, the party may only amend the pleading again "with the opposing

4

party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The Court should freely give leave when justice so requires." *Id*; *see also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("[M]otions to amend pleadings should be liberally granted."). "However, leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment." *Danon v. Vanguard Group, Inc.*, No. 15-cv-6864, 2018 WL 5785342, at *3 (E.D. Pa. Nov. 2, 2018) (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). The party opposing the motion bears the burden of demonstrating undue delay, bad faith, prejudice, or futility. *Id.* "The decision to grant or deny a motion for leave to amend is within the sound discretion of the district court." *Id.* at 272.

IV. **DISCUSSION**

A. **Motion for Reconsideration**

Relator seeks reconsideration of the part of the Court's Second Memorandum that denied relator's staffing claims with prejudice. Relator argues that, because, in the First Memorandum, the Court (1) dismissed the staffing claims on grounds other than the public disclosure bar, i.e. failure to plead the materiality element, and (2) held that the public disclosure bar did not preclude the RUG score and accuracy claims, relator was not aware that the Court might dismiss the staffing claims pursuant to the public disclosure bar in the Second Memorandum. Relator's Mot., 4. Relator claims that, because of this, he only amended the SAC to correct the shortcomings that were determinative in the Court's decision to grant the Motion to Dismiss with respect to the staffing claims. *Id.* at 1. Now, relator argues that, had he realized the Court might dismiss his staffing claims based on the public disclosure bar, he would have included more allegations in the SAC. *Id.* at 5. According to relator, "it would be manifestly unjust" for the Court not to grant him leave to file a Third Amended Complaint with these allegations included.

5

In Response, defendants argue relator was given ample notice that application of the public disclosure bar was a disputed issue with respect to his staffing claims and had numerous opportunities to seek leave to amend the SAC. Accordingly, they contend that denying the staffing claims with prejudice is not a manifest injustice. The Court agrees with defendants.

As a preliminary matter, relator is entirely mistaken in his assertion that the Court "rejected" defendant's argument that the public disclosure bar precluded relator's staffing claims in the First Memorandum and that "the Court's public disclosure concerns were set forth in detail for the first time in the [Second Memorandum]." Relator's Mot., 5. In the First Memorandum, the Court expressly stated that it was not considering the applicability of the public disclosure bar to relator's staffing claims because those claims had already been dismissed. First Mem., 35 n. 19. The Court then warned relator that "the sources cited by defendants *broadly disclose staffing issues* and defendants' failure to staff based on resident acuity." First Mem., 35 (emphasis added). Based on this, relator should "have been aware that the Court had public disclosure bar concerns." Relator's Mot., 5.

Additionally, in their Motion to Dismiss the SAC, defendants incorporated their previous arguments on the public disclosure bar's applicability to the staffing claims. In their Reply, defendants explain that the Court did not rule on the public disclosure bar's applicability to the staffing claims in the First Memorandum and, in fact, noted that the staffing problems were broadly disclosed. Def.'s Mot. Dismiss, 17; Def.'s Reply, 10-11. Across the two briefs, defendants dedicated over ten pages to their argument that the public disclosure bar applies to relator's staffing claims. Based on the First Memorandum and defendants' briefing, relator was on notice that the public disclosure bar was an unsettled issue that the Court would address in the Second Memorandum. Relator's belief that, because "he had cleared the public disclosure

6

hurdle" with respect to two sets of claims, he had cleared the public disclosure hurdle with respect to all of his claims is unreasonable.³ Relator's Mot., 4.

Despite this notice, relator did not seek leave to amend the SAC in the time between the filing of the SAC on July 14, 2020 and the Second Memorandum on February 4, 2021. Yet, relator admits that he knew of the additional allegations he now seeks to include in a Third Amended Complaint and chose not to include them earlier. Relator's Mot., 5. Instead, relator relied on a "wait-and-see" approach to pleading, whereby he waited until the Court identified the flaws in his allegations then sought to correct them—corrections that relator could have but chose not to make earlier. Relator's reliance on this approach to pleading was at his own peril. The Court will not allow relator a fourth bite at the apple simply because his prior strategic decision was unsuccessful. *See Jang v. Boston Scientific Scimed, Inc.*, 729 F.Supp. 357 (3d Cir. 2013) ("This Court has declined to reward a wait-and-see approach to pleading."); *Bin Kang v. City of Philadelphia*, No. 14-cv-4010, 2015 WL 4772804, at *6 n. 13 (E.D. Pa. Aug. 13, 2015) (denying plaintiff's motion for reconsideration because plaintiff merely "attempt[ing] to plead new allegations . . . is an insufficient ground on which to reconsider" the Court's previous decision.); *Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV-Scola, 2020 WL 1472302, at *2 (S.D. Fla. Mar. 26, 2020) (denying motion for reconsideration because

---

³ Relator is also mistaken in his assertion that the Second Memorandum stands "in contrast to the Court's previous" Memorandum. Relator's Mot., 2. The Court explained the Memoranda's consistency in the Second Memorandum:

> In the Court's Memorandum Addressing Defendants' First Motion to Dismiss, the Court considered the public disclosures defendants presented. Because the Court held that relator failed to allege materiality of staffing requirements, the Court did not address whether the public disclosure bar applies to this theory of fraud. However, after reviewing defendant's sources in its analysis of the effect of the public disclosure bar on relator's other claims at issue in defendants' Motion to Dismiss the FAC, the Court observed "the sources cited by defendants broadly disclose staffing issues and defendants' failure to staff based on resident acuity." *Kindred Healthcare*, 469 F. Supp. 3d at 458.

Second Mem., 18 n. 10.

"[plaintiff] had every opportunity to fix the deficiencies the Defendants identified prior to the Court's careful and thorough review. [Plaintiff] should have taken his best shot from the get go; he should not have waited for the Defendants and the Court to have worked through his pleading before bothering to inform all involved that he had a much better pleading in his back pocket in case things went badly for him").

The Court's dismissal of the staffing claims with prejudice following relator's failure to properly read the First Memorandum, defendants' Motion to Dismiss, and defendants' Reply is not manifestly unjust. Neither is it manifestly unjust for the Court to reject relator's "wait and see" approach to pleading. Accordingly, to the extent relator's Motion seeks reconsideration of the Court's decision to deny the staffing claims with prejudice, the Motion is denied.

### B. Motion for Leave to Amend

In the alternative, relator asks the court for leave to file a Third Amended Complaint. Because leave to amend should be granted freely, the burden is on the defendants to establish (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *Danon*, 2018 WL 5785342, at *3. Defendants argue that further amendment would be futile because relator's new allegations "only reinforce[] application of the public disclosure bar." Def.'s Resp., 14. The Court agrees with defendants on this issue.

In the Second Memorandum, the Court ruled that relator's staffing allegations were substantially based on publicly disclosed information contained in federal administrative investigations and reports, civil hearings, and news reports. The Court further concluded that (1) relator was not an original source under the pre-March 23, 2010 public disclosure bar because he was neither a direct nor an independent source of his allegations, and (2) relator was not an original source under the post-March 23, 2010 public disclosure bar because he was not a direct

source of his allegations and his allegations did not materially add to the information in the public domain.

Relator adds to his proposed Third Amended Complaint allegations that (1) he received staffing data regarding defendants' facilities from a Freedom of Information Act ("FOIA") request and (2) his expert, Dr. John F. Schnelle, applied a staffing model to the data to demonstrate that defendants' facilities were understaffed. Relator's Mot., 9. However, these new allegations merely constitute additional evidence of relator's previous allegations, which had already been publicly disclosed. Additionally, relator's new allegations are also dependent on publicly disclosed information—the data produced in response to his FOIA request. The fact that relator has now provided new evidence, also rooted in publicly disclosed information, to support his repeated allegations is not sufficient to make him an original source and take his claims out of the realm of the public disclosure bar.

Under the pre-March 23, 2010 public disclosure bar, a relator is an original source if he is an independent and direct source of his allegations. *United States ex rel. Zizic v. Q2Administrators, LLC,* 728 F.3d 228, 239 (3d Cir. 2013). Knowledge is independent if it "does not depend on public disclosures." *Id.* at 239-40. "A relator's ability to recognize the legal consequences of a publicly disclosed fraudulent transaction does not alter the fact that the material elements of the violation have already been publicly disclosed." *United States ex rel. Findley v. FPC-Boron Employees' Club*, 105 F.3d 675, 688 (D.C. Cir. 1997) (cited in *United States ex rel. Feldstein v. Organon, Inc.*, 364 Fed. Appx. 738, 742 (3d Cir. 2010)). However, "courts should consider both the availability of information and the amount of labor and deduction required to construct the claim." *United States ex rel. Atkinson v. Pa. Shipbuilding*

*Co.*, 473 F.3d 506, 522 (3d Cir. 2007). Knowledge is direct if relator "obtains it without any intervening agency, instrumentality, or influence." *Zizic*, 728 F.3d at 239-40.

Relator has not shown that he is an independent source of the new allegations. His allegation that he can statistically prove defendants' facilities were understaffed directly "depend[s] on public disclosures"—the data the Centers for Medicare and Medicaid Services ("CMS") provided in response to his FOIA request. *Zizic*, 728 F.3d at 239. Although interpreting the raw data required analysis, applying expertise to publicly disclosed data does not produce independent information. *Id.* at 240 ("We have repeatedly rejected the argument that a relator's knowledge is independent when it is gained through the application of expertise to information publicly disclosed under § 37309(e)(4)(a)."); *see also Kennard v. Comstock Resources, Inc.*, 363 F.3d 1039, 1046 (3d Cir. 2014) (finding relators were an original source because they "did not merely compile statistics" and "were not just assemblers of information"). Relying on an expert, as opposed to his own expertise, to interpret the data serves only to put relator one step further away from independent source status.

Relator's new allegations are also not direct. He obtained the raw data via a FOIA request fulfilled by CMS—an intervening agency—and relies on Dr. Schnelle's model to interpret the data—an intervening instrumentality. The Court thus concludes relator is not an original source under the pre-March 23, 2010 public disclosure bar.

Under the post-March 23, 2010 public disclosure bar, a relator is an original source if he "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section." 31 U.S.C. § 3730(e)(4)(B). A relator cannot "merely mirror allegations that were already publicly disclosed." *United States v. Omnicare*, 903 F.3d 79, 92

10

(3d Cir. 2018). Rather, the relator must materially add to the allegations by "contribut[ing] information – distinct from what was publicly disclosed – that adds in a significant way to the essential factual background: the who, what, when, where and how of the events at issue." *United States ex rel. Moore v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 306 (3d Cir. 2016).

As explained *supra*, relator has not shown he is an independent source of his new allegations.[4] Relator also has not shown that he materially adds to the publicly disclosed allegations. His new allegations do not add to the essential factual background—the who, what, when, where, and how—of the alleged fraud. Rather, relator's new allegations merely provide evidentiary support for his previous allegations. They do not provide any new details as to who executed the fraud, what the fraud was, when the fraud occurred, where the fraud occurred, or how the fraud was executed. Accordingly, relator's new allegations do not materially contribute to the publicly disclosed information.

Because relator's new allegations do not demonstrate that he is an original source under either the pre-March 23, 2010 public disclosure bar or the post-March 23, 2010 public disclosure bar, amendment of the SAC would be futile. Accordingly, to the extent relator seeks leave to amend the SAC and file a third amended complaint, relator's Motion is denied.

## V.     CONCLUSION

For the foregoing reasons, relator's Motion for Reconsideration or, in the Alternative, Motion for Leave to File Third Amended Complaint is denied. An appropriate order follows.

---

[4] Under the pre-March 23, 2010 public disclosure bar, relator's knowledge must be independent with respect to all "information that is part of the public domain." *Zizic*, 728 F.3d at 240. Under the post-March 23, 2010 public disclosure bar, a relator's knowledge must only be independent of "the information that was disclosed through the public disclosure sources enumerated in § 3730(e)(4)(A)." *Moore*, 812 F.3d. at 305. Because the enumerated sources include reports produced in response to FOIA requests, *id.* at 302, this difference is immaterial in this case.