IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES,** et al., ex rel., **TIMOTHY SIRLS,**<br><br>  Plaintiffs,<br><br>  v.<br><br>**KINDRED HEALTHCARE, INC.,** et al.,<br><br>  Defendants. | CIVIL ACTION<br><br>NO. 16-0683-KSM |

**M E M O R A N D U M**

Marston, J.                                                                                              August 20, 2024

Relator Timothy Sirls brings this *qui tam* action on behalf of the United States under the False Claims Act ("FCA") and on behalf of ten states[1] under analogous state statutes. (*See* Doc. No. 62.) He alleges that Defendant Kindred Healthcare, Inc., and six other Defendant Kindred entities (collectively, "Kindred"),[2] wrongfully accepted Medicare and Medicaid reimbursements for services that Kindred failed to provide to its nursing home residents. (*Id.*)

**I.   BACKGROUND**

Relator filed this action on February 11, 2016. (Doc. No. 1.)[3] On April 3, 2019, the government entities declined to intervene in the case (Doc. No. 15), and the Court ordered that

---

[1] Those states are: Colorado, Georgia, Indiana, Massachusetts, Montana, Nevada, North Carolina, Virginia, Washington, and Wisconsin. (Doc. No. 62.) Relator previously voluntarily dismissed claims brought on behalf of New Hampshire (*see* Doc. No. 61 at 2), and the Court previously dismissed with prejudice the claims asserted on behalf of California, Connecticut, and Tennessee (Doc. No. 86).

[2] The six other Defendant entities are: Kindred Healthcare Operating, Inc., Kindred Healthcare Services, Inc., Kindred Nursing Centers East, LLC, Kindred Nursing Centers West, LLC, Kindred Nursing Centers South, LLC, Kindred Nursing Centers North, LLC. (Doc. No. 62.)

[3] This case was initially assigned to the Honorable Jan E. Dubois. On April 30, 2021, it was reassigned to the undersigned. (Doc. No. 114.)

1

the Complaint be unsealed and served on Kindred (Doc. No. 16). For more than two years the parties have pursued discovery with the assistance of a special discovery master, the Honorable (Ret.) Thomas J. Rueter. (Doc. Nos. 119–20.) As special master, Judge Rueter has, among other things, ruled on various discovery disputes between the parties. On May 8, 2024, Judge Rueter submitted a Report and Recommendation ("R&R") as to one such dispute:

> The parties disagree over the relevant time-period for Relator's discovery. Relator asserts that the applicable statute of limitations is ten years and, therefore he is entitled to discovery going back ten years from the filing of his original complaint on February 11, 2016. Kindred asserts that the statute of limitations is six years pursuant to 31 U.S.C. § 3731(b)(1).

(*See* Doc. No. 179-1 (footnote omitted).) After analyzing the relevant statutory provisions, Judge Rueter agreed with Relator that the relevant period for discovery is ten years, not six years. (Doc. No. 185-1 (the "May R&R")).[4] Kindred objects to the May R&R (Doc. No. 185), and Relator has submitted a brief in opposition to those objections (Doc. No. 186). The Court decides the objections de novo, *see* Fed. R. Civ. P. 53(f)(3)–(4), and on the papers, *see* E.D. Pa. Local R. 7.1(f) ("Any interested party may request oral argument on a motion. The court may dispose of a motion without oral argument.").

## II.   DISCUSSION

FCA claims are governed by the statute of limitations set out in 31 U.S.C. § 3731(b):

> (b) A civil action under [the FCA] may not be brought—
>
>   (1) more than 6 years after the date on which the violation of
>        . . . is committed, or

---

[4] This is Judge Rueter's second R&R on this issue. Initially, he recommended applying a six-year statute of limitations as requested by Kindred. (*See* Doc. No. 179-1 (the "February R&R").) However, after the government filed a statement of interest regarding Relator's objections to the February R&R, Judge Rueter reconsidered the issue and ultimately agreed with Relator and the government that ten years, not six years, was the appropriate look-back period at this stage in the litigation.

>  (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

whichever occurs last.

31 U.S.C. § 3731(b).  This provision contains two limitations periods.  *Cochise Consultancy, Inc. v. U.S. ex rel. Hunt*, 587 U.S. 262, 264–65 (2019).  "The first period requires that the action be brought within 6 years after the statutory violation occurred." *Id.* at 265.  "The second period requires that the action be brought within 3 years after the United States official charged with responsibility to act[5] knew or should have known the relevant facts, but no more than 10 years after the violation." *Id.*

Here, Judge Rueter found that § 3731(b)(2) governs:

> Relator alleges FCA violations that began on January 1, 2008. Applying the six-year statute of limitations period under § 3731(b)(1), Relator would have had only until January 1, 2014 to commence this litigation for the earliest violations. Considering that Relator filed his Complaint on February 11, 2016, the statute of limitations would have expired for claims alleged to have occurred between January 1, 2008 and February 10, 2010.
>
> Applying § 3731(b)(2), Relator had three years after the Government knew or reasonably should have known of the 'facts material to the right of action.' Relator asserts the Government knew or reasonably should have known of the 'facts material to the right of action' when Relator filed the Complaint on February 11, 2016. Absent evidence to the contrary, the Special Master accepts this date, February 11, 2016, as the date the Government knew or reasonably should have known of the material facts for the purposes of § 3731(b)(2). Relator had three years after February 11, 2016 to file the Complaint—until February 11, 2019. This date occurs after

---

[5] The United States Attorney General "or their designees within the Department of Justice [DOJ]" is the relevant official under § 3731(b)(2). *United States v. United Behavioral Health, Inc.*, No: 1:15-cv-01164-KWR-JHR, 2023 WL 1817380, at *7 (D.N.M. Feb. 8, 2023) (collecting cases).

> the date calculated using the six-year statute of limitations in § 3731(b)(1).
>
> Section 3731(b)(2) provides the later date for the statute of limitations in this case and, therefore, that provision of the statute applies herein. The ten-year statute of repose contained in § 3731(b)(2) also applies [such that Relator is entitled to discovery going back to the earliest alleged violation on January 1, 2008].

(May R&R at 4 (footnotes omitted).)

Kindred objects to Judge Rueter's calculations on two grounds. First, it argues that Judge Rueter misinterpreted the statute because he incorrectly found that "the filing of a *qui tam* complaint can trigger the government knowledge required to access the longer limitations period." (Doc. No. 170 at 4 (Kindred's brief in support of the February R&R); *see also* Doc. No. 185 at 3–4 (arguing that the Court should reject Judge Rueter's interpretation in the May R&R "for the reasons stated in Kindred's prior filings").) Kindred reasons that if a relator's complaint can trigger the government knowledge requirement in § 3731(b)(2), then *every* relator would be able to take advantage of the ten-year look back period, and § 3731(b)(1)'s shorter six-year window would be rendered superfluous. (Doc. No. 170 at 4 ("Under Relator's theory, all relator-initiated cases could take advantage of the ten-year statute of repose in (b)(2) because relators would always provide the government with knowledge by filing the complaint. As a result, Relator's interpretation would largely render (b)(1) and the first part of (b)(2) superfluous . . . .").) This argument is a red herring.[6] There are many cases in which the

---

[6] Notably, Kindred cites no cases that have held a *qui tam* complaint cannot, as a matter of law, provide the government with notice for purposes of § 3731(b)(2). And at least one district court in this Circuit has suggested otherwise: *U.S. ex rel. Repko v. Guthrie Clinic, P.C.*, 557 F. Supp. 2d 522, 530–31 (M.D. Pa. 2008) ("[B]ecause there is no indication on the face of the third amended complaint that the government knew or should have known about the alleged FCA violations *prior to the filing of the initial complaint*, the statute of limitations does not bar any claim prior to July 19, 1994, which is ten years *prior to the date the original complaint was filed*. Therefore, we will reject this basis as a ground for dismissing the third amended complaint." (emphases added)).

4

government will have known or reasonably should have known the facts material to a relator's claims well before a relator files a *qui tam* complaint. Indeed, as explained below, *Kindred argues that this is one such case*. (*See* Doc. No. 185 at 4–5; *see also* Doc. No. 177 at 5 (the United States noting in its statement of interest that "Kindred cites cases in which government knowledge was triggered through other means—for example, through an earlier Office of Inspector General report or a prior DOJ investigation into the same allegations").) And when the government has notice more than three years before the filing of the complaint, the six-year limitations period outlined in § 3731(b)(1) would govern. Accordingly, we reject Kindred's argument that Judge Rueter's interpretation renders portions of § 3731(b) superfluous.

Second, Kindred argues that if the Court accepts Judge Rueter's statutory interpretation, we should wait to decide the limitations issue while Kindred awaits discovery responses from the DOJ. (Doc. No. 185 at 4.) According to Kindred, the DOJ investigated Kindred's business practices beginning in late 2009, and during that investigation, Kindred "produced tens of thousands of pages of documents related to these businesses, including documentation bearing on ADLs and staffing specifically," such that the "DOJ should have uncovered the basic facts material to the claims" asserted in this action no later than February 11, 2013. (*Id.* at 4–5.)

The Court agrees with Kindred that we should wait to decide this issue "with the benefit of the full relevant factual record." (*Id.*) The Court will not, however, delay discovery in the meantime. Kindred essentially wants to hold off turning over any discovery from before February 2010 to allow for early motion practice on the statute of limitations issue. At this stage, the Court has considered three motions to dismiss and a motion for reconsideration. (*See* Doc. Nos. 48, 66, 93, 169.) After more than two years, the parties are coming to the close of discovery. The Court will not allow Kindred to withhold responsive documents while it awaits

5

discovery that may or may not show that it can succeed on an affirmative statute of limitations defense.  *See Deloitte Consulting LLP v. Sagitec Sols. LLC*, Civil Action No. 23-325-WCE, 2024 WL 1577940, at *5 (D. Del. Apr. 9, 2024) ("I see no particular efficiency in setting up a separate schedule for discovery and briefing schedule on the partial summary judgment motion" based on statute of limitations.).

Instead, the statute of limitations is best addressed at summary judgment or trial, at which point the Court and the parties will have "the benefit of the full relevant factual record."[7]  *See Deloitte Consulting LLP v. Sagitec Sols. LLC*, Civil Action No. 23-325-WCE, 2024 WL 1577940, at *1 (D. Del. Apr. 9, 2024) ("Sagitec has also sought leave to file an early summary judgment motion directed to its statute of limitations defense . . . .  [A] motion for summary judgment at this point in the case would be premature."); *Phoenix Light SF Ltd. v. Wells Fargo Bank, Nat'l Ass'n*, Nos. 14-CV-10102 (KPF) (SN), et al., 2017 WL 11810966, at *1 (S.D.N.Y. Nov. 20, 2017) ("The dates Wells Fargo seeks [in its discovery requests] directly affect its affirmative statute of limitations defense: the earlier the plaintiffs uncovered the Events, the earlier Wells Fargo can allege the clock began to run.  The dispute, therefore, centers on the appropriate date to trigger the statute of limitations period (to the extent the defense applies). *This goes to the merits of the defense; it is not a discovery dispute.*  If Wells Fargo disagrees with the dates provided by the plaintiffs, it may so argue when it makes its motion for summary

---

[7] Kindred attaches multiple exhibits to its objections, arguing that the Court can decide the limitations issue based on the DOJ's partial production to date.  (*See* Doc. Nos. 185-1 through 185-19; Doc. No. 186.)  As noted above, it is not appropriate to decide the statute of limitations—which could be dispositive for some of Relator's claims—in the context of a discovery dispute and based on a partial production.  *Cf. Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) ("If discovery is incomplete, a district court is rarely justified in granting summary judgment."); *Phoenix Light SF Ltd.*, 2017 WL 11810966, at *1; *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) ("Because the statute of limitations is an affirmative defense and not a pleading requirement, it is an issue that must be resolved through discovery and summary judgment or trial.").

judgment." (emphasis added)); *cf. United State v. Kensington Hosp.*, 760 F. Supp. 1120, 1128 (E.D. Pa. 1991) (denying early motion for summary judgment on statute of limitations grounds in *qui tam* action and noting that "[a]fter further discovery, a renewed motion for summary judgment may be appropriate"); *id.* at 1129 (denying the defendants' motion to limit discovery to the statute of limitations issue in *qui tam* action because the court "do[es] not share the defendants' confidence that the evidence would so clearly establish that the responsible government officials possessed the material facts on November 4, 1986.  It seems to me that this question may very well need to be resolved by the trier of fact, rather than decided as a matter of law").

### III.   CONCLUSION

For the reasons discussed above, Kindred's objections are overruled.  Judge Rueter's May R&R is approved and adopted.  An appropriate Order follows.